PER CURIAM.
The appellant, Donald Cahill, appeals the trial court’s entry of final judgment in favor of American Jets International, Inc., the appellee. We affirm the trial court in all respects except one. We reverse the final judgment disposing of issues not addressed in the summary judgment, which served as the basis for the final judgment.
The appellant, plaintiff below, brought suit against the appellee, defendant below, arising from the death of the appellant’s father. The pertinent parts of the complaint sought wrongful death damages pursuant to section 768.16 of the Florida Statutes and pled the following counts: (1) negligence, (2) fraud in the inducement, (3) breach of contract, and (4) fraudulent misrepresentation. Rather than seeking to hold the appellee directly liable, the appellant sought to hold the appellee liable on a vicarious liability theory based on a joint venture between the appellee and a co-defendant.
The appellee moved for summary judgment on the basis of lack of proximate cause and no joint venture. The trial court granted summary judgment with respect to the issue of proximate cause, but denied the motion with respect to the joint venture issue. Thereafter, the appellee moved for a final judgment based solely on the summary judgment. Subsequently, a hearing was held, wherein the trial court granted final judgment in favor of the appellee on all counts.
On appeal, the appellant argues that because summary judgment was granted only with respect to the proximate cause issue and thereby disposed of only the negligence count, the trial court erred in entering final judgment on all counts. We agree. Because the summary judgment disposed of only the negligence count, the counts for breach of contract, fraudulent inducement, and fraudulent misrepresentation are still pending. Accordingly, we affirm entry of final judgment with respect to the issue of proximate cause and the negligence count, but reverse and remand for further proceedings with respect to the issue of the joint venture and the remaining three counts.
AFFIRMED in part, REVERSED in part, and REMANDED.
DELL, GUNTHER and HAZOURI, JJ., concur.